JOE GIOVENGO and WINIFRED GIOVENGO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giovengo v. Commissioner
Docket No. 10689-77.
United States Tax Court
T.C. Memo 1978-375; 1978 Tax Ct. Memo LEXIS 138; 37 T.C.M. (CCH) 1551; T.C.M. (RIA) 78375; September 20, 1978, Filed Joe Giovengo, pro se. James D. Vandever, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *139 OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: The respondent determined a deficiency in the petitioners' Federal income tax for the year 1974 in the amount of $ 1,039. In the statutory notice of deficiency, the respondent allowed as a deduction for business expense only $ 61 of the $ 689 claimed by petitioners on their income tax return and only $ 1,701 out of the $ 2,666 claimed as a deduction for automobile expense. A basis of settlement of these two issues was reached, and it was stipulated between the parties at the trial that petitioners are entitled to deductions for business expenses of $ 274 and automobile expenses of $ 277 in addition to the deductions for these two items previously allowed in the statutory notice of deficiency. That leaves for decision, then, only the question of whether the petitioners are entitled to a deduction of $ 3,672, or any amount, for expenses incurred in sending their son to a private school, under section 213. FINDINGS OF FACT Many of the facts in this case were stipulated and are so found by this reference. The petitioners filed a timely joint Federal income tax return for the year 1974. When the petition *140 in this case was filed, they maintained a legal residence at 11212 Martha Ann Drive, Los Alamitos, California. On their Federal income tax return for the year 1974, the petitioners claimed a deduction of $ 3,672 as a miscellaneous deduction for "education". This amount was paid during that year for tuition and room and board for their son, Gregory Giovengo, at the New Horizons Boys Ranch, a private school recommended to the petitioners by Dr. Sidney J. Adler as being suitable for their son. The petitioners' son, Gregory, began experiencing academic and social difficulties in 1968. He had trouble with reading, exhibited a short attention span, and was hyperactive. He was given to hostility, anger, temper tantrums, and aggressiveness and, in addition, exhibited a lack of self-confidence. From 1968 to 1972, Gregory attended special classes in public schools and received medication for his hyperactivity. In 1972, he began "slipping" in school and exhibited behavioral problems. After experiencing these difficulties, and after receiving some indication from public officials that their son could not continue to attend the public schools, the petitioners consulted Dr. Adler regarding *141 a private school placement. He had previously treated Gregory and had identified his problems as: (1) minimal brain disfunction, (2) maturation lag, (3) large for his age, and (4) functional heart murmur. As indicated above, Dr. Adler recommended the New Horizons Boys Ranch as a private school suitable for Gregory. The New Horizons Boys Ranch accepts students who have academic deficiencies and behavioral problems. Its staff stresses remedial education with emphasis on vocational skills, basic communication, and arithmetic. Its staff provides a highly structured and disciplined environment. The school does not accept students with severe medical or physical handicaps and does not have a staff capable of serving the needs of such students. It does not have a doctor or any medical personnel on its staff, but does have access to a "call-in" school nurse. A doctor is available in a nearby town. Some of the staff, it appears, are trained in first aid. Gregory Giovengo received no medical treatment and no medication from the school during his stay there. Dr. Adler recommended this private school for Gregory as a place for the continuation of his education and not as a place *142 for the treatment of his physical or mental condition. The petitioners' sole purpose in sending Gregory to the New Horizons Boys Ranch was to further his education and not to have him receive medical treatment. OPINION Section 213 provides for the deduction of expenses incurred for medical care in excess of three percent of the adjusted gross income of the taxpayer. Section 1.213-1(e)(1)(v)(a), Income Tax Regs., provides as follows: While ordinary education is not medical care, the cost of medical care includes the cost of attending a special school for a mentally or physically handicapped individual, if his condition is such that the resources of the institution for alleviating such mental or physical handicap are a principal reason for his presence there. In such a case, the cost of attending such a special school will include the cost of meals and lodging, if supplied, and the cost of ordinary education furnished which is incidental to the special services furnished by the school. Thus, the cost of medical care includes the cost of attending a special school designed to compensate for or overcome a physical handicap, in order to qualify the individual for future normal *143 education or for normal living, such as a school for the teaching of braille or lip reading. * * * Under prior decisions of this Court, it is evident that a school such as the New Horizons Boys Ranch, which offers only a regular academic curriculum in an atmosphere of strict discipline, cannot be considered a "special school" within the meaning of the regulation. And, the fact that the school was recommended by a doctor or psychiatrist does not make any difference. See Atkinson v. Commissioner,44 T.C. 39 (1965); Enck v. Commissioner,T.C. Memo. 1967-58; and Dreifus v. Commissioner,T.C. Memo. 1977-83. The New Horizons Boys Ranch does not have regular medical facilities or a medically trained staff and does not hold itself out as an institution to which individuals come to receive medical care. It is apparent from the evidence that this school is not one having resources for the alleviation of mental or physical handicaps. Therefore, the utilization of such resources could not have been the principal reason for the presence of the petitioners' son there. The ordinary education furnished was not "incidental to the special services *144 furnished by the school." In fact, it was clear from the testimony of petitioner Joe Giovengo that the purpose of sending his son to this school was to provide an education and not medical treatment for him.
We sympathize with the petitioners and commend them for providing for the welfare of their child, but we must conclude that the expenses here in question are not medical expenses deductible under section 213 but, rather, personal, living, or family expenses, the deduction of which is expressly prohibited by section 262. * * *
In accordance with the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.